# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CORBIN J. HOWARD,

        Plaintiff,        :    Case No. 3:13-cv-215

  - vs -                            District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

RONALD J. MOORE,

                               :

        Defendant.

## REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong.

Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). Section 1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status. *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999). Filing an *in forma pauperis* application tolls the statute of limitations. *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

In the body of the Complaint, Howard alleges that Case No. 3:11-cv-287, in which he sued Reid Hospital, Shannon Roshan, and Ronald Moore, was wrongfully dismissed in August, 2012. The same Ronald Moore is the Defendant sued in this action. In that case Magistrate Judge Sharon Ovington recommended, after an evidentiary hearing, that Moore's Motion to Dismiss for lack of personal jurisdiction be granted (Case No. 3:11-cv-287, Report and Recommendations, Doc. No. 34, PageID 330). Howard filed no objections and Judge Rose adopted the Report and dismissed the case on August 28, 2012. *Id.*, Doc. Nos. 35 & 36. Howard took no appeal.

Howard now seeks to have this Court reopen the judgment in Case No. 3:11-cv-287. He claims Moore violated the Fair Debt Collection Practices Act by filing a false claim against him in the Wayne County, Indiana, Courthouse in May, 2010 and again in August, 2010, by adding Emily Howard as a co-defendant in that case.

The proper method to reopen a judgment is by motion under Fed. R. Civ. P. 60(b), and not by filing a new lawsuit. That Rule provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Plaintiff's claim is that this Court was wrong in dismissing his prior case for lack of personal jurisdiction because "Corbin Howard is and has been at the same address in Ohio and that there is no legal binding contract entered into outside of Ohio or the jurisdiction of this Court." (Complaint, Doc. No. 1-1, PageID 6.) All of these facts were known to the Court at the time judgment was entered in the prior case. To put it another way, Plaintiff is not adverting to any newly-discovered evidence. None of these facts are relevant to the issue decided by Judge Ovington, to wit, that this Court could not exercise personal jurisdiction over Defendant Moore. Plaintiff has not shown grounds to reopen the judgment in the prior case.

3

Assuming it is proper to bring a new case to obtain relief from the judgment in a prior case, Plaintiff is barred by the doctrine of collateral estoppel from relitigating the issue of this Court's personal jurisdiction over Defendant Moore. That doctrine precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action. *Taylor v. Sturgell,* 553 U.S. 880 (2008); *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001), *quoting Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990). The issue preclusion doctrine applies only if "(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding . . . resulted in a final judgment on the merits; and (4) the party against whom [issue preclusion] is sought . . . had a full and fair opportunity to litigate the issue in the prior proceedings." *Stern,* 262 F.3d at 608, *quoting Smith v. Securities & Exch. Comm'n,* 129 F. 3rd 356, 362 (6th Cir. 1997)(en banc).

The precise issue in question – whether this Court can exercise personal jurisdiction over Mr. Moore based on his acts related to Mr. Howard – was indeed litigated in the prior case, was the critical issue in Judge Ovington's recommendation, resulted in a final judgment, and was decided after Judge Ovington gave Mr. Howard a full and fair opportunity to litigate the matter, including holding an evidentiary hearing.

Based on the foregoing analysis, it is respectfully recommended that the Complaint herein be dismissed with prejudice. The Clerk is ORDERED not to issue process in this case except upon further order of a judge of this Court.

July 1, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).